**CARBIDE & CARBON CHEMICALS CORPORATION, Plaintiff-Appellant, v. PHILLIPS PETROLEUM COMPANY, Defendant-Appellee.**

Circuit Court of Appeals, Third Circuit. August 21, 1929.

Rehearing Denied November 7, 1929.

No. 3883.

Mayer, Warfield & Watson, of New York City, and William G. Mahaffy, of Wilmington, Del. (Frederic P. Warfield, Leonard A. Watson, and C. P. Townsend, all of New York City, of counsel), for appellant.

James L. Boyce, of Wilmington, Del. (Merrell E. Clark, of New York City, and George A. Prevost and Robert E. Barry, both of Washington, D. C., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In an exhaustive opinion reported at 28 F.(2d) 218, the court below discussed the patent granted De Brey for a process of making gasoline from natural gas, and held it invalid. The District Court for the Southern District of Texas, in a comprehensive opinion, Carbide & Carbon Chemicals Corporation v. Texas Co., reported at 21 F.(2d) 199, reached the same conclusion, and on ap-

peal its decree was affirmed in an opinion reported at (C. C. A.) 31 F.(2d) 32.

After able arguments and a careful study by this court of the present record, and the reasoning of the several opinions of the three courts in question, all of the members of this court concur in finding no error in the decree entered below. In view of the thorough discussion of the art, and of this patent's relation to it, we find no warrant for a further opinion, which in the nature of things must necessarily be but a restatement of what has been sufficiently said. We therefore limit ourselves to affirming the decree entered below.

### Sur Petition for Rehearing.

So far as mere clerical accuracy and literalism are concerned, the opinion in this case filed August 21, 1929, is open to criticism. But there should, however, be no question on the part of those familiar with the litigation referred to, as to what was therein decided. By reference to the opinion of the court below, reported in 28 F. (2d) 218, it will be seen that the patent of De Brey, No. 1,465,598, was there in issue. As to the claims involved therein, the finding of that court, after a full and exhaustive discussion of the patent, was that, "His claims are wanting in invention." Linked up in ownership with the patent of De Brey, in the subject-matter of making gasoline from natural gas, and in issue in said case, were also the patents of Thompson, Nos. 1,429,175 and 1,523,314. After a full discussion of De Brey's patent, as the major one in importance, and holding it invalid for want of invention, Judge Morris further said: "I am constrained to conclude that Thompson differs from De Brey only in following up his rectification by a chemical and physical analysis of the product obtained thereby, and that, as this reveals neither a new process nor a new product, De Brey stands as a complete bar to the validity of his claims." From a decree dismissing the bill generally, but naming no patent by number, an appeal, involving all three patents, was taken to this court. It was this decree, broad in its effect, but as we have said naming no patent in particular and based on the full discussion of all three patents in the lower court's opinion, to which this court referred in its statement: "After able arguments and a careful study by this court of the present record, and the reasoning of the several opinions of the three courts in question, all of the members of this court concur in finding no error in

the decree entered below." It will also be noted that the three patents were also considered and discussed at length in the cases in (D. C.) 21 F.(2d) 199, and (C. C. A.) 31 F.(2d) 32, referred to in our opinion. Thus it will be seen that patents Nos. 1,429,-175 and 1,523,314 were considered, passed upon, and covered by the opinion already filed, although not specified by number therein.

As the petition for rehearing has not satisfied us that this court, nor the three other courts which have passed on these patents, were wrong in any particular, the petition for a rehearing is denied.